**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MICHAEL J. FITZPATRICK,

          Plaintiff,

          v.

STATE OF NEW JERSEY, et al.,

          Defendants.

Civil Action No. 14-6118 (MAS) (LHG)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on three motions: (1) Defendants New Jersey Housing and Mortgage Finance Authority, Anthony Marchetta, and Natasha Encarnacion's (collectively, the "NJHMFA Defendants") motion to dismiss Plaintiff Michael J. Fitzpatrick's ("Plaintiff") pro se Complaint pursuant to New Jersey Court Rule 4:6-2(e)[1] (ECF No. 16); (2) Defendant Faith Fellowship Community Development Corporation's, incorrectly sued herein as Faith Fellowship, Reverend Clarence Bullock, Lillie Gatling, and Kenneth Watson (collectively, the "FFCDC Defendants"), motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (ECF No. 22); and (3) Defendants State of New Jersey, Governor Christopher Christie, State Attorney General, and New Jersey Department of Community Affairs's (collectively, the "State Defendants") motion to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure (ECF No. 23). The Court has carefully

---

[1] Although the NJHMFA Defendants bring their motion under New Jersey Court Rule 4:6-2(c), this Court will construe their motion as seeking dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure as this case is pending in the federal district court and not New Jersey Superior Court.

considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Defendants' motions are granted.

## I. Background

Plaintiff brings this action against Defendants alleging that they "intentionally deprived Plaintiff of his guaranteed rights in relation to his application for a Sandy Homebuyer Assistance Grant (SHAP)" from the New Jersey Housing and Mortgage Finance Authority. (Compl. 1, ECF No. 1.) Specifically, Plaintiff alleges that in July or August 2013 he learned of the SHAP grant program, registered for the program online, was contacted by the FFCDC Defendants and worked with them to fill out a full application package, but was denied any grant money. (*Id.* at 2-3.) Plaintiff alleges that Defendants improperly handled his application and he was forced to purchase a house without receiving any grant money. (*Id.*) Plaintiff's five-count Complaint asserts: (1) violation of 42 U.S.C. § 1983; (2) violation of the implied covenant of good faith and fair dealing; (3) violation of the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-12; (4) intentional infliction of emotional distress; and (5) tortious interference with economic advantage. (*Id.* at 4.) Plaintiff seeks funding of the $50,000 grant he applied for and reimbursement of interest and fees he paid as a result of not receiving the grant money.

## II. Legal Standard

Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to give the defendant fair notice of what the . . . claim is and the grounds on which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). On a motion to dismiss for failure to state a claim, a "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). Additionally, in determining the sufficiency of a pro se

2

complaint, the court must be mindful to accept its factual allegations as true and to construe it liberally in favor of the plaintiff. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012). The "[c]ourt need not, however, credit a pro se plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010).

A district court conducts a three-part analysis when considering a Rule 12(b)(6) motion.[2] *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The court, however, must disregard any conclusory allegations proffered in the complaint. *Id.* Finally, once the well-pleaded facts have been identified and the conclusory allegations ignored, a court must next "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). On a motion to dismiss for failure to state a claim, a "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

### III. Analysis

#### A. Section 1983 Claim

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 provides in relevant part:

---

[2] A court adjudicating a Rule 12(c) motion for judgment on the pleadings applies the same standard as a motion to dismiss pursuant to Rule 12(b)(6). *Gebhart v. Steffen*, 574 F. App'x 156, 158 (3d Cir. 2014).

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983 (1996). Thus, to state a claim for relief under § 1983, a plaintiff must allege: (1) the violation of a right secured by the Constitution or laws of the United States; and (2) that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995). Section 1983 is not a source of substantive rights but a vehicle for vindicating rights conferred by the United States Constitution or by federal law.

Here, Plaintiff's allegations concern him being denied SHAP grant money due to the improper handling and mishandling of his application by various Defendants. Plaintiff does not specifically allege that any of his Constitutional or federal rights were violated. Even construing the allegations of the Complaint liberally, the Court does not find a deprivation of any of Plaintiff's rights under the Constitution or federal law. Therefore, Plaintiff's § 1983 claim is dismissed.

When "a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). Here, "Plaintiff has failed to state a viable federal cause of action, and the factual and legal grounds proffered in support of the complaint make it clear that [he] has no right to relief." *See Bey v. Cherry*, No. 14-4802, 2015 WL 300388, at *3 (D.N.J. Jan. 21, 2015) (dismissing pro se Plaintiff's § 1983 claim where there was "no articulation of a deprivation of any right secured by the Constitution or laws of the United States"). Therefore, Plaintiff's § 1983 claim is dismissed with prejudice.

B.  **State Law Claims**

The Court declines to exercise jurisdiction over the remaining state law claims. The "district court may decline to exercise supplemental jurisdiction over a claim if 'the district court has dismissed all claims over which it has original jurisdiction.'" *Elkadrawy v. Vanguard Grp.*, 584 F.3d 169, 174 (3d Cir. 2009) (quoting 28 U.S.C. § 1367(c)(3)).

> The power of the court to exercise pendent jurisdiction . . . requires, at a minimum, a federal claim of sufficient substance to confer subject matter jurisdiction on the court. The substantiality of the federal claim is ordinarily determined on the basis of the pleadings. If it appears that the federal claim is subject to dismissal under Fed. R. Civ. P. 12(b)(6) . . . then the court should ordinarily refrain from exercising jurisdiction in the absence of extraordinary circumstances.

*Cito v. Bridgewater Twp. Police Dept.*, 892 F.2d 23, 25-26 (3d Cir. 1989) (internal citations omitted). Here, no extraordinary circumstances exist which require the court to entertain the state law claims. As such, Plaintiff's state law claims are dismissed.

IV.  **Conclusion**

For the reasons set forth above, it is hereby ordered that Defendants' motions are granted and Plaintiff's Complaint is dismissed. An order consistent with this Memorandum Opinion will be entered.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: September 8th, 2015