**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL J. FITZPATRICK,<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF NEW JERSEY, et al.,<br><br>    Defendants. | Civil Action No. 14-6118 (MAS) (LHG)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court on pro se Plaintiff Michael J. Fitzpatrick's ("Plaintiff") Request for Reconsideration of Judgment and Request for Costs. (ECF No. 29.) On September 8, 2015, this Court granted Defendants' motions to dismiss Plaintiff's Complaint. (ECF No. 28.) Plaintiff's §1983 claim was dismissed with prejudice and Plaintiff's remaining state law claims were dismissed without prejudice ("September 8 Order"). (*Id.*)

Reconsideration under Local Civil Rule 7.1 is an extraordinary remedy that is rarely granted. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002). A motion for reconsideration may be based on one of three separate grounds: (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) to correct a clear error of law or to prevent manifest injustice. *See id.* A motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the original decision was made. *See Bowers v. NCAA*, 130 F. Supp. 2d 610, 612-13 (D.N.J. 2001). Nor is a motion for reconsideration an opportunity to ask the Court to rethink what it has already thought through. *See Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507. Additionally, "a motion for reconsideration shall

be served and filed within 14 days after the entry of the order or judgment on the original."[1] L. Civ. R. 7.1. Here, Plaintiff is merely asking this Court to rethink what it has already thought through. Plaintiff has failed to proffer any change in law, unconsidered evidence, or persuasive argument that the Court has committed a clear error of law that requires correction.

Plaintiff additionally seeks costs related to service of the summons on Defendants pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. Under Rule 4(d)(2), "[i]f a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant . . . the expenses later incurred in making service . . . ." Fed. R. Civ. P. 4(d)(2). "However, no costs will be imposed on the defendant if the plaintiff's request to waive service is defective." *Leung v. SHK Mgmt., Inc.*, No. 98-3337, 1999 WL 972008, at *1 (E.D. Pa. Oct. 20, 1999) (citing 1 Moore's Federal Practice § 4.13 [1] [a] (Matthew Bender 3d Ed.)). Here, Plaintiff states that he served summonses by mail to all Defendants. There is nothing in the record from which the Court can determine whether the summonses sent to Defendants complied with Rule 4(d) and provided notice that Plaintiff was requesting that Defendants waive service.

Accordingly, **IT IS**, on this 2nd day of December 2015, **ORDERED** that Plaintiff's Request for Reconsideration of Judgment and Request for Costs is DENIED.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[1] Defendants argue that Plaintiff's request for reconsideration was filed out of time. This Court dismissed Plaintiff's Complaint on September 8, 2015, and Plaintiff's Request for Reconsideration was not filed by the Clerk's Office on the docket until September 24, 2015. Plaintiff, however, is proceeding pro se and his Request is dated September 17, 2015 and postmarked September 21, 2015. Because Plaintiff's Request for Reconsideration fails for other reasons this Court will not address Defendants' timing arguments.